UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHON D. MILLER SR. (#427562)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 12-730-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 16, 2013.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHON D. MILLER SR. (#427562)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 12-730-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss In Response to Amended Complaint.  Record document number 21.  No opposition has been filed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Asst. Warden Bruce Dodd, Asst. Warden Kenneth Norris, Dr. Jonathan Roundtree, Dr. Hal MacMurdo and Dr. Jason Collins.[1]  Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs.

### I. Factual Allegations

Plaintiff alleged that he is paraplegic housed on the ward at the prison infirmary.  Plaintiff alleged that he is not receiving

---

[1] On April 12, 2013, in response to the defendants' Motion to Dismiss, record document number 17, the plaintiff amended his complaint and dismissed his claims against Shirley Coody, Donald Barr, Raman Singh, James LeBlanc and Gov. Bobby Jindal.  Record document number 20, p. 4.

adequate medical treatment for severe decubitus ulcers. Generally, the plaintiff alleged that he has been provided inadequate wound care, dressing changes, medication and diet, and has been subjected to unsanitary conditions.

Specifically, the plaintiff alleged that he has hardware installed in his back which was not properly monitored. Plaintiff alleged that he was not taken for surgery in a timely manner, and as a result the hardware cannot be removed. Plaintiff further alleged that he was denied proper medical assessment and documentation of his decubitus ulcers, proper and timely dressing changes, proper turning, proper diet, adequate range of motion therapy, adequate pain medication and a sanitary bathing/shower area and/or assistance with bathing. Plaintiff alleged that as a result of the defendants' actions and inactions, his decubitus ulcers have failed to heal and he has suffered severe pain.

## II. Applicable Law and Analysis

Defendants Warden Cain, Asst. Warden Dodd, Asst. Warden Norris, Dr. Roundtree, Dr. MacMurdo and Dr. Collins moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations

2

must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual

3

enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

Plaintiff alleged that the defendants failed to ensure that the medical personnel perform their duties in a timely, competent manner. Liberally construed, the plaintiff alleged that the defendants have implemented policies which have resulted in a denial of adequate medical treatment.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra; Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*,

4

434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177

(5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

To be liable under § 1983 a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that the defendants are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)). The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act. *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

Plaintiff's allegations of medical indifference and a constitutionally deficient policy, taken as true, are sufficient to state a claim upon which relief can be granted.

### C. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court.  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.  Plaintiff's state law claims are based on theories of negligence and medical malpractice, which are fundamentally different from his Eighth Amendment claims.  Such claims would substantially predominated over the plaintiff's Eighth Amendment claims.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss In Response to Amended Complaint be denied.  It is further recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and that those claims be dismissed without prejudice, and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, September 16, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE