UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHON D. MILLER SR. (#427562)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 12-730-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 27, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHON D. MILLER SR. (#427562)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 12-730-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. Record document number 54. The motion is opposed.[1]

Plaintiff filed this motion on February 5, 2014, on February 14, 20124, the district judge denied the motion insofar as the plaintiff sought a temporary restraining order and referred the Motion for Preliminary Injunction to the undersigned for a report and recommendation.[2]

For the reasons which follow, the Motion for Preliminary Injunction should be denied.

**I. Factual Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Asst. Warden Bruce Dodd, Asst. Warden Kenneth Norris, Dr. Jonathan Roundtree, Dr. Hal

---

[1] Record document number 56.

[2] Record document number 59.

MacMurdo and Dr. Jason Collins.[3]  Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs.

Plaintiff alleged that he is paraplegic housed on the ward at the prison infirmary.  Plaintiff alleged that he is not receiving adequate medical treatment for severe decubitus ulcers.  Generally, the plaintiff alleged that he has been provided inadequate wound care, dressing changes, medication and diet, and has been subjected to unsanitary conditions.

Specifically, the plaintiff alleged that he has hardware installed in his back which was not properly monitored.  Plaintiff alleged that he was not taken for surgery in a timely manner, and as a result the hardware cannot be removed.  Plaintiff further alleged that he was denied proper medical assessment and documentation of his decubitus ulcers, proper and timely dressing changes, proper turning, proper diet, adequate range of motion therapy, adequate pain medication and a sanitary bathing/shower area and/or assistance with bathing.  Plaintiff alleged that as a result of the defendants' actions and inactions, his decubitus ulcers have failed to heal and he has suffered severe pain.

---

[3] On April 12, 2013, in response to the defendants' Motion to Dismiss, record document number 17, the plaintiff amended his complaint and dismissed his claims against Shirley Coody, Donald Barr, Raman Singh, James LeBlanc and Gov. Bobby Jindal.  Record document number 20, p. 4.

## II. Preliminary Injunction

Plaintiff filed a motion for preliminary injunction seeking an order requiring prison officials to purchase and supply the plaintiff with a specific type of adult pull-up diaper.

Plaintiff complained that on September 28, 2013, he informed a treating nurse that blisters had developed between his legs because the diapers being used were causing skin shearing. Plaintiff alleged that on October 29, 2013, he asked the Director of Nursing to order pull-up adult diapers. Plaintiff alleged that after numerous complaints his treating physician discontinued use of the diapers and ordered that bed pads be used. Plaintiff alleged that he previously used adult pull-up diapers which did not cause blisters which had been acquired following the closing of Earl K. Long Hospital.

## III. Applicable Law and Analysis

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no

further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his Eighth Amendment deliberate indifference claims against the defendants. Any harm which may come to the plaintiff because of the defendants' refusal or failure to provide him with a different type of adult pull-up diaper is not likely to be irreparable and he can be compensated monetarily if he prevails in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion for Preliminary Injunction be denied.

Baton Rouge, Louisiana, February 27, 2014.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE