UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHON D. MILLER SR. (#427562)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 12-730-JJB-SCR

**RULING ON MOTION TO COMPEL DISCOVERY - POST FRCP Rule 37(a)(1)**

Before the court is the plaintiff's Motion to Compel Discovery - Post FRCP Rule 37(a)(1). Record document number 53. The motion is opposed.[1]

**Background**

On November 21, 2013, the plaintiff filed a Motion to Compel Discovery.[2] Defendants opposed the motion specifically arguing that the plaintiff failed to comply with Rule 37(a)(1), Fed.R.Civ.P.[3] In response, the plaintiff sent counsel for the defendants a letter outlining the alleged insufficiencies in the defendants' discovery responses.[4] On January 14, 2014, the defendants filed Supplemental and Amending Responses to Plaintiff's Discovery.[5] Defendants attached more than 3,000 pages of the

---

[1] Record document number 58.

[2] Record document number 47.

[3] Record document number 50.

[4] Record document number 53-2, pp. 1-12.

[5] Record document number 52.

plaintiff's medical records.[6]  These medical records supplemented the more than 1,000 pages of medical records previously produced, and apparently some of the records were duplicates.

On February 28, 2014, the plaintiff's Motion to Compel filed November 21, 2013, was granted in part and denied in part.[7] Specifically, the defendants were ordered to produce the job descriptions of defendants Warden Burl Cain, Warden Kenneth Norris, Dr. Jonathan Roundtree, Dr. Jason Collins and Dr. Hal McMurdo, and in all other respects the plaintiff's Motion to Compel Discovery was denied.[8]  Plaintiff did not appeal the ruling to the district judge. On March 14, 2014, the defendants filed a Notice of Compliance.[9]

## Motion to Compel

On January 22, 2014, the plaintiff filed another motion to compel much of the same discovery at issue in the then-pending November 21, 2013 motion.

### Request for Production of Documents Filed August 12, 2013

Plaintiff moved to compel the discovery requests propounded on

---

[6] *Id.*

[7] Record document number 64.

[8] *Id.*

[9] Record document number 65.

August 8, 2013 and filed on August 12, 2013.[10]  A review of the record showed that the court's prior ruling issued November 28, 2014, addressed the discovery at issue in the current motion to compel.

For the reasons set forth in the court's ruling issued February 28, 2014,[11] the plaintiff's motion to compel the production of copies of Narrative Nurses Notes and Wound Management Forms from August 2012 to the present, a copy of the Health Care Manual B-06-001, and the curriculum vitae of defendants Warden Kenneth Norris and non-defendant Stephanie Lamartiniere is denied.  Insofar as the plaintiff sought to compel the production of the narratives of the defendants' job duties, the motion is denied as moot.  Insofar as the plaintiff sought to compel the production of signed civil service forms of the defendants, non-defendants Stephanie Lamartiniere and EMT personnel and the curriculum vitae of unidentified EMT personnel, the motion is denied because the plaintiff did not request production of these documents.[12]

**Interrogatories Propounded August 2013**

Plaintiff apparently propounded interrogatories on or about August 12, 2013 but they were not filed in the record.  However, on

---

[10] Record document number 27.

[11] Record document number 64.

[12] Record document number 27.

November 7, 2013, the defendants file objections to the to interrogatories.[13] Plaintiff is now before the court seeking to compel responses to the interrogatories.

In Interrogatory No. 1 the plaintiff asked the defendants to identify by ARP[14] number all complaints filed by offenders against Dr. Jonathan Roundtree and/or the Louisiana State Penitentiary ("LSP") medical department for medical negligence, medical malpractice, unethical medical conduct, or deliberate indifference from January 2011 to the present. Plaintiff also suggested how to search the medical department's databases to find the requested information.

Defendants objected on grounds that the request is overly broad and the information sought is irrelevant and not reasonably calculated to lead to the discovery of relevant, material, admissible evidence.

Plaintiff moved to compel on grounds that the evidence is relevant and easily assembled if the defendants were to conduct a search of multiple databases in the manner suggested by him.

Defendants objection is well-founded. Production of ARPs making complaints against Dr. Roundtree specifically, and the LSP medical department generally, would no doubt include many of complaints covering a wide range of grievances which have no

---

[13] Record document number 44.

[14] Administrative Remedy Procedure.

relevance to the plaintiff's claims. Defendants would then have to review the doctor's or the medical department's responses to the ARPs, as well as the prison's final response to them. Sifting through these ARPs to find any that are similar to the plaintiff's complaints would impose burdens and expenses that far outweigh the likely benefit to the plaintiff, if any. Such discovery, at best, would only be marginally helpful to the plaintiff, assuming it would be admissible in evidence at all. See Rule 26(b)(2)(C)(iii), Fed.R.Civ.P. Therefore, the plaintiff's motion to compel a response to Interrogatory Number 1 is denied.

In Interrogatory Number 2 the plaintiff asked the defendants to identify all training received by defendants Dr. Roundtree, Dr. Collins, and Warden Norris, and non-party Lamartiniere through the Louisiana Department of Public Safety and Corrections or LSP, including instructions as to the proper application of pertinent Department Health Care Regulations and Unit Specific Health Care Directives and Health Care Policies and Procedures.

Defendants objected on grounds that the interrogatory is overly broad, not reasonably calculated to lead to any discoverable evidence, and requests information regarding a non-party. In addition the defendants objected on grounds that the interrogatory seeks information related to the security of the institution, the information may threaten the security of LSP and may undermine the authority of officers in the prison.

Defendants arguments are not persuasive. Plaintiff's motion to compel a response to Interrogatory Number 2 is granted. Within 14 days from the date of this ruling, the defendants shall serve and file a substantive response to Interrogatory Number 2.

In Interrogatory No. 3 the plaintiff asked the defendants to identify all training received by LSP EMT staff members regarding the application of pertinent Corrections Department Health Care Regulations and Unit Specific Health Care Directives and Health Care Policies and Procedures.

Defendants objected on grounds that the interrogatory is overly broad and not reasonably calculated to lead to any discoverable evidence since it requests information regarding individuals who are not parties. In addition, the defendants objected on grounds that the interrogatory seeks information related to the security of the institution, the information may threaten the security of LSP and may undermine the authority of officers in the prison.

Defendants argument regarding the production of information as to EMTs who are not parties is persuasive; defendant's argument that such information would be a threat to security is not persuasive. However, since no remaining defendant is an EMT there is no need for the defendants to answer this interrogatory.

**Interrogatories Filed November 5, 2013**

Plaintiff filed additional interrogatories on November 5,

2013[15] and the defendants filed responses on December 5, 2013.[16] Plaintiff argued that responses to Interrogatory Nos. 1, 3 and 4 are insufficient and moved to compel complete responses.

In Interrogatory Number 1, the plaintiff asked the defendants to define the policy and procedure for obtaining needed surgery and to identify who has the final authority to approve and authorize needed surgery.

Defendants objected on the ground that the interrogatory assumed facts not in evidence. Without waiving their objection the defendants responded that a surgeon at a surgery clinic determines whether a surgery is necessary. Defendants further responded that if a surgery is deemed necessary a referral is made to an appropriate facility and the surgery is scheduled.

Plaintiff moved to compel arguing that defendants did not identify who at LSP is responsible for contacting the surgeon at the surgery clinic, that they did not identify the protocol or policy that must be followed to contact the surgeon at the surgery clinic, and they failed to indicate what information must be conveyed to the surgeon for the surgeon to make an informed judgment as to whether surgery is medically necessary.

Defendants opposed the motion to compel arguing that their response to Interrogatory No. 1 is sufficient and that the

---

[15] Record document number 40.

[16] Record document number 48.

7

plaintiff now seeks to compel a response to an interrogatory that was not propounded.

Defendants response to Interrogatory No. 1 is sufficient. Plaintiff's motion to compel a more complete response to Interrogatory No. 1 is denied.

In Interrogatory No. 3, the defendants were asked to define the specific procedure used for dressing changes to pressure ulcers and documenting the dressing changes, including what should be noted and how often the documentation is to be performed.

Defendants objected on grounds that the interrogatory is vague, ambiguous and overly broad. Without waiving their objections the defendants referred the plaintiff to the medical records and policies already produced. In addition the defendants responded that wound care is assessed on an individual basis, orders are received from staff physicians conforming to the standard of care, and the orders are carried out by staff nurses. Defendants further responded that wounds are also assessed by nurses as ordered, and any deterioration in condition is reported to a physician at that time. Defendants further responded that wounds are examined by a physician weekly and documentation of the wound care, including daily assessment and dressing changes by the nursing staff and the weekly assessment by a physician, becomes a part of the medical record.

Plaintiff moved to compel arguing that defendants did not

identify what specific procedure [protocol] is used for dressing changes of pressure ulcers, exactly what type of assessment nurses perform to determine whether or not deterioration of the wound should be reported, and what physiological changes in pressure ulcers constitute "deterioration of the wound."

Defendants opposed the motion to compel arguing that their response to Interrogatory No. 3 is sufficient and that the plaintiff now seeks to compel a response to an interrogatory that was not propounded.

Defendants response to Interrogatory No. 3 is sufficient. Plaintiff's motion to compel a more complete response to Interrogatory No. 3 is denied.

In Interrogatory No. 4 the defendants were asked how often the bathing area on the ward is cleaned and by whom, what chemicals are used to clean the bathing areas, and who is responsible for ensuring that the bathing area are cleaned.

Defendants responded that trained orderlies use a 10% bleach solution to clean the bathing areas daily. Defendants further responded that security personnel are responsible for monitoring the cleaning of the areas.

Plaintiff moved to compel arguing that the defendants did not indicate who mixes the cleaning solution, what safeguards are in place to ensure that the cleaning solution mixture is consistent and accurate, whether the orderlies are inmates, identify the

training provided orderlies, and the method used by security to ensure that the cleaning solution is not stolen by the orderlies.

Defendants opposed the motion to compel arguing that their response to Interrogatory No. 4 is sufficient and that the plaintiff now seeks to compel a response to an interrogatory that was not propounded.

Defendants response to Interrogatory No. 4is sufficient. Plaintiff's motion to compel a more complete response to Interrogatory No. 4 is denied.

## Conclusion

Accordingly, the plaintiff's Motion to Compel Discovery - Post FRCP Rule 37(a)(1) is granted in part and denied in part.  Within 14 days from the date of this ruling, the defendants shall respond to Interrogatory No. 2 propounded on or about August 12, 2013.  In all other respects, the plaintiff's Motion to Compel Discovery - Post FRCP Rule 37(a)(1) is denied.

Baton Rouge, Louisiana, June 19, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE